I am adverse to striking down and rendering ineffective a demurrer to evidence preserved by the Constitution. I can see no practical use of a demurrer and joinder therein, if the court is permitted to refuse to pass on the demurrer, on the ground that possibly plaintiff may strengthen his hand. It would enable plaintiff to try his case by piecemeal at the expense of defendant; and if the court below sustained the demurrer, plaintiff could then appeal and reverse the judgment at defendant's expense. In such a state of the law there would be little practical use in demurrers to your adversary's evidence. There would be little finality in so doing. It may be that a court, in the interest of justice, where plaintiff's counsel has failed through inadvertence, mistake or misconception to produce evidence clearly at hand which would make a prima facie
case of recovery, should refuse to permit him to join in the demurrer. That would be in a case where the court judiciallyknows that such omitted evidence in fact exists, as pointed out in Judge Hatcher's dissent, and in Judge Maxwell's note of concurrence to the majority opinion. What is there in the instant case by which the lower court or this court judicially knows that Campbell made claim in writing within the prescribed time?
The case of Laas v. Lubic, on which the decision is predicated, illustrates the result of directing a new trial where *Page 366 
plaintiff has not made a prima facie showing by his evidence, to which a demurrer has been sustained. I protested against that decision, but did not dissent because other judges, more learned and able than myself, seemed to concur. I am not quick to dissent. The issue in that case was the place from which the stone fell which killed plaintiff's decedent. Plaintiff's evidence was not sufficient, and it was pointed out in the opinion that a witness who first discovered the body was not summond, and it was said in the opinion "all the evidence obtainable does not appear to be before the court." The judgment was reversed and the case remanded "to afford the plaintiff an opportunity to supply evidence necessary to sustain his case, if he can do so.' A fishing expedition for evidence was inaugurated. It caught no fish. His omitted evidence made it clear that he had no case. See Laas v. Lubic, (second appeal) 105 W. Va. 513. 144 S.E. 225. Defendant was put to the costs of a new trial, and the costs of an appeal, because of this judicial fishing venture.